IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-86 |
| | ) | |
| ROY E. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Conti, District Judge.

On February 15, 2007, Roy E. Smith ("petitioner") filed a pro se motion entitled "Petition to District Court for Lateral Departure to Home Confinement at Six Month Release Date Pursuant to 18 U.S.C. § 3624(c)" (the "petition") (Doc. No. 16). On March 16, 2007, the government filed its response opposing the petition. (Doc. No. 17). For the reasons set forth herein, the petition will be denied.

*Background*

On March 6, 2006, the government filed a one-count Information charging petitioner with bank fraud in violation of Title 18, United States Code, section 1344. (Doc. No. 1). On April 3, 2006, petitioner entered a plea of guilty to the Information. (Doc. No. 5). On August 11, 2006, petitioner was sentenced to a term of imprisonment of fifteen (15) months, to be followed by a period of supervised release of five (5) years. (Doc. No. 14). Petitioner was also ordered to pay

a special assessment in the amount of $100.00 and restitution in the amount of $290,952.40.  Id.
No fine was imposed.  Id.

According to the government, petitioner commenced service of his sentence on December 7, 2006.  See (Doc. No. 17).  On February 15, 2007, petitioner filed the instant petition.  (Doc. No. 16).  On March 16, 2007, the government responded to the petition.  (Doc. No. 17).

*Discussion*

Petitioner relies on Title 18, United States Code, section 3624(c) and Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), in support of his prayer that this court order that he be released to home confinement during the final six months of his term of imprisonment. The government argues that neither section 3624 nor Woodall provides legal authority for the court to order that petitioner be released to home confinement during the final six months of his term of imprisonment.

**A. Statutory Authority**

    **1. 18 U.S.C. § 3624(c)**

Title 18, United States Code, section 3624 addresses release of a federal prisoner from custody.  See 18 U.S.C. § 3624 ("Release of a Prisoner").  Subsection (c) of section 3624 ("Pre-release custody") provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a
> prisoner serving a term of imprisonment spends a reasonable part,
> not to exceed six months, of the last 10 per centum of the term to
> be served under conditions that will afford the prisoner a
> reasonable opportunity to adjust to and prepare for the prisoner's

> re-entry into the community. The authority provided by this
> subsection may be used to place a prisoner in home confinement.
> The United States Probation System shall, to the extent practicable,
> offer assistance to a prisoner during such pre-release custody.

Id.  This subsection gives the Bureau of Prisons (the "BOP"), and not the sentencing court, authority to place a prisoner in home confinement as one way to assure, to the extent practicable, that the prisoner spends "a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served" under conditions that will afford the prisoner an opportunity to adjust and prepare for re-entry into the community.  18 U.S.C. § 3624(c).  The plain meaning of the statute, however, does not give the sentencing court the authority to order, as petitioner requests, that a prisoner spend a certain amount of time in home confinement.[1]  The court, therefore, lacks the authority to order the relief that petitioner requests pursuant to section 3624(c).

---

1. According to the government's response, a representative of the BOP, Pittsburgh Office, advised a representative of the United States Attorney's office that, under BOP policy, placement into home confinement is not mandatory and is a privilege; that an offender is usually placed into a Residential Re-entry Center (RRC), also known as a "halfway house," before being placed into home confinement unless the offender has major health issues; that before a prisoner is placed into an RRC, the Federal Correctional Institution where the prisoner is imprisoned, FCI Loretto in petitioner's case, must submit to the BOP a referral packet recommending placement into the RRC; that a placement package has been sent from FCI Loretto recommending petitioner Roy E. Smith's placement into an RRC before November 30, 2007, which the government indicates is the date that is ten percent from the expiration of petitioner's term of imprisonment; that once petitioner enters the RRC he can then request to be placed into home confinement; that petitioner must provide the BOP with the address of the residence at which he wishes to be placed in home confinement; that the BOP then inspects the residence; and, if approved, petitioner may be moved into the residence for the last ten percent of his sentence, providing that he continues to comply with the requirements of his sentence and follows the rules and requirements of the BOP concerning his placement into home confinement.  Petitioner may wish to confirm this account with the appropriate person in the BOP.

**2. 18 U.S.C. § 3582(b) and (c)**

In addition, although not raised by the parties, Title 18, United States Code, section 3582(b) ("Effect of finality of judgment") provides:

> **(b) Effect of finality of judgment**.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
> (1) modified pursuant to the provisions of subsection (c);
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
> <u>a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes</u>.

18 U.S.C. § 3582(b)(emphasis added). Title 18, United States Code, section 3582(c) ("Modification of an imposed term of imprisonment") provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--<u>The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
>   (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment </u>(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction; or
>     (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>      and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission; <u>and</u>
>      <u>(B) the court may modify an imposed term of imprisonment
> to the extent otherwise expressly permitted by statute or by Rule 35
> of the Federal Rules of Criminal Procedure</u> . . . .

18 U.S.C. § 3582(c)(emphasis added). None of the exceptions set forth in section 3582 apply in this case. The court's judgment of sentence imposed on August 11, 2006, which includes a term of imprisonment of fifteen (15) months, therefore, constitutes a final judgment. Petitioner has not presented any statutory legal authority that would give this court the authority to modify his sentence of imprisonment as contemplated in section 3582.

**B. <u>Woodall v. Federal Bureau of Prisons</u>**

Petitioner also relies upon the decision of the United States Court of Appeals for the Third Circuit in <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), in support of his prayer that this court order the BOP to allow him to spend the last six months of his sentence in home confinement. In <u>Woodall</u>, the court of appeals considered a petitioner's appeal from a district court's denial of a petition for a writ of habeas corpus. <u>Id</u>. at 237. In that case, petitioner Woodall, after serving terms of imprisonment for federal sentences resulting from alien smuggling and escape convictions, was released into the community with "no money, no identification and no assets." <u>Id</u>. at 238. He was arrested shortly thereafter for drug possession. <u>Id</u>. At the sentencing hearing for the supervised release violation, Woodall argued that his drug possession offense was the result of his being released by the BOP into a community where he had no ties without money or other assistance for reentry into the community. <u>Id</u>. After Woodall was sentenced to additional imprisonment for the violations, his sentencing judge entered an

order amending the sentencing judgment and recommending to the BOP that Woodall spend the last six months of his sentence in a halfway house. Id. Woodall was informed by the BOP, however, that because of BOP policy changes, he could be placed in a community confinement facility for no more than 10 percent of his total sentence, or eleven weeks, despite the sentencing judge's recommendation. Id. Woodall filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the validity of BOP regulations. Id. at 238-39. The district court found that the BOP regulations at issue were permissible. Appeal to the court of appeals followed.

The United States Court of Appeals for the Third Circuit determined that, as a threshold matter, habeas jurisdiction would lie. Id. at 2241-44. In examining the relevant statutory provisions concerning BOP placement policies, the court of appeals reviewed Title 18, United States Code, sections 3621(b) ("Place of imprisonment") and, in less detail, 3624(c), the statutory provision petitioner relies upon in this case. The court of appeals determined that certain 2005 BOP regulations concerning designating inmates to community confinement were not permissible because they were contrary to Congress's directives set forth in section 3621. Id. at 241. Specifically, the court of appeals determined that the regulations at issue did not allow the BOP to consider factors including the nature and circumstances of an inmate's offense, his or her history, and any statement of the sentencing court concerning placement and the purposes for the sentence. Id. at 244. The court of appeals held that while the BOP had the discretion to refuse to place Woodall in a community correction facility during the last six months of his sentence, as recommended by the sentencing judge, the exercise of that discretion must be based, at least in part, on the section 3621(b) factors. Id. at 249.

In Woodall, in order to engage the argument raised in the dissent, the court of appeals briefly reviewed section 3624(c).  Id. at 250.  The court of appeals noted that section 3624 addressed when the BOP must provide community correction facility placement:

> The dissent falls back on the language of § 3624(c) and argues that when the lesser of six months or ten percent of an inmate's sentence remains, and only then, the BOP must consider the § 3621(b) factors.  However, § 3624 does not determine when the BOP should consider CCC placement, but when it must provide it.  <u>The clear language of § 3624(c) mandates that the BOP "shall" assure that a prisoner is given appropriate pre-release conditions that are focused on re-entry, if "practicable."</u>  The statute requires the BOP not just to consider, but to actually place an inmate in a CCC or like facility, during the last ten percent or six months of the sentence, <u>when that is possible</u>.  Under the dissent's rationale, the temporal references in § 3624(c), which were meant to create an obligation regarding CCC placement, swallow the central provisions of § 3621(b).  These § 3621(b) provisions were meant to guide the transfer scheme more generally.

Id.  The court of appeals concluded that "[i]n short, we conclude that the § 3621(b) factors apply to BOP determinations regarding whether or not initial placements or transfers are appropriate.  We thus do not find that the factors are limited by the temporal references in § 3624."  Id. at 250-51.

The court of appeals' brief consideration of section 3624(c) in Woodall, therefore, reaffirms this court's interpretation of section 3624.  Under that section, it is within the discretion of the BOP to provide a prisoner with appropriate pre-release conditions, including home confinement, focused on re-entry "to the extent practicable."  Nothing in that statute, however, provides authority for this court to order the BOP to exercise its discretion in a particular way.

7

The court may recommend to the BOP that it exercise its discretion to assure petitioner "spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for [his] re-entry into the community." 18 U.S.C. § 3624(c).  In light of petitioner's motion, the court will add a recommendation that the BOP in its discretion allow petitioner Roy E. Smith to spend as much time as legally permissible in a community correctional facility or home confinement.

### *Conclusion*

AND NOW, this 10th day of May, 2007, upon consideration of petitioner Roy E. Smith having filed a pro se "Petition to District court for Lateral Departure to Home Confinement at Six Month Release Date Pursuant to 18 U.S.C. § 3624(c)" (Doc. No. 16) (the "petition")  after his sentencing on August 11, 2006, and after reporting to the custody of the Bureau of Prisons on December 7, 2006, and upon consideration of the government's response (Doc. No. 17),

IT IS HEREBY ORDERED that the petition is DENIED.

An separate order amending the judgment to include the additional recommendation will follow.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Counsel of Record